DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, the City of Akron ("City") appeals the decision of the Akron Municipal Court suppressing all evidence obtained after the arrest of the Appellee, John C. Smith. We reverse.
 I. {¶ 2} At around 3:45 p.m. on December 28, 2002, Smith was involved in a two-vehicle collision at the intersection of White Pond Drive and I-77, in Akron. Officer Richard Baur of the Akron Police Department responded to the scene of the accident. After conducting an investigation, Officer Baur arrested Smith for driving under the influence in violation of Akron City Code 73.01.
 {¶ 3} On January 27, 2003, Smith filed a motion to suppress on the grounds that he did not receive Miranda warnings and that Officer Baur lacked probable cause to arrest him. On February 18, 2003, a motion hearing proceeded on the probable cause issue. Officer Baur, who has worked in the traffic division for five of his ten years with the Akron Police Department, was the only witness called at the hearing.
 {¶ 4} Officer Baur's testimony at the hearing yields the following account of the events leading up to Smith's arrest. After arriving at the scene, Officer Baur observed the positions of the two vehicles involved in the collision and spoke with a witness about the accident. Based upon his own observations and the witness's statements, Officer Baur determined that Smith caused the collision by running a red light.
 {¶ 5} Officer Baur approached Smith, noticing that his eyes were bloodshot and that a light odor of alcohol penetrated the masking scent of the breath mints Smith was eating. When Officer Baur inquired about the alcoholic odor, Smith admitted that he had consumed two servings of Scotch whiskey approximately two hours before the accident. Smith leaned against vehicles for balance and walked with an "uneasy" gait, but was able to stand on his own with no apparent difficulty during at least one portion of his encounter with Officer Baur.
 {¶ 6} Smith appeared to be distracted and disoriented. He took four minutes to remove his driver's license from his wallet and hand it to Officer Baur. Officer Baur had to ask Smith to have a seat in his police cruiser seven or eight times before he finally did so. Officer Baur also had to ask Smith to move out of a lane of moving traffic several times. Responding to Officer Baur's inquiries, Smith reported that he did not feel dizzy and that he had not hit his head during the accident.
 {¶ 7} Officer Baur then took Smith to a nearby parking lot in order to administer field sobriety tests. Smith informed Officer Baur that he might have difficulty performing the tests, due to work-related leg injuries. Officer Baur first attempted to conduct the horizontal gaze nystagmus test, but was unable to complete it due to Smith's failure to follow the instructions. Officer Baur proceeded to the walk-and-turn and one-legged stand tests. After making initial attempts to perform these tests, Smith indicated that he could not complete them. Officer Baur then arrested Smith.
 {¶ 8} On April 3, 2003, the trial court granted Smith's motion to suppress. Relying on Officer Baur's testimony, the court found that Smith: (1) caused the accident by running a red light; (2) had bloodshot eyes; (3) smelled of alcohol; and (4) admitted to consuming two alcoholic beverages approximately two hours prior to the accident. The trial court also found that no field sobriety tests were completed; that Smith maintained his balance at least part of the time and was able to speak normally, but "did not respond to officer[']s requests to produce license, insurance etc. in a quick fashion"; and that Officer Baur "did not, on the record, give an opinion that the defendant was impaired or give reason[s] for his arrest." Reasoning that "while the defendant may have had some alcohol prior to the accident, * * * his subsequent actions and responses * * * are equally as a result of the auto accident, his age and prior medical conditions," the court determined that Officer Baur lacked probable cause to arrest Smith.
 {¶ 9} The City appealed, asserting one assignment of error.
 II. Assignment of Error
"THE TRIAL COURT ERRED IN ITS DETERMINATION THAT INSUFFICIENT PROBABLE CAUSE EXISTED TO SUPPORT DEFENDANT-APPELLEE'S ARREST FOR DRIVING UNDER THE INFLUENCE."
 {¶ 10} In its sole assignment of error, Appellant argues that the trial court erred in granting Appellee's motion to suppress all evidence obtained subsequent to the arrest. Appellant contends that Officer Baur had probable cause to arrest Smith. We agree.
 {¶ 11} A trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact to the reviewing court. Statev. Long (1998), 127 Ohio App.3d 328, 332. "An appellate court must review the trial court's findings of historical fact only for clear error, giving due weight to inferences drawn from those facts by the trial court. The trial court's legal conclusions, however, are afforded no deference, but are reviewed de novo." State v. Russell (1998),127 Ohio App.3d 414, 416, citing Ornelas v. United States (1996),517 U.S. 690, 699 (Emphasis sic).
 {¶ 12} Probable cause to arrest a person for driving under the influence exists if "at the moment of arrest, the police had * * * information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." State v. Homan (2000),89 Ohio St.3d 421, 427, citing Beck v. Ohio (1964), 379 U.S. 89, 91. When determining whether police had probable cause to make an arrest, courts must consider the totality of the circumstances surrounding the arrest. Id., citing State v. Miller (1997), 117 Ohio App.3d 750, 761. Probable cause need not be based, in whole or in part, on the suspect's performance on field sobriety tests. Id. at 427.
 {¶ 13} In State v. Homan, the Supreme Court of Ohio held that the arresting officer's consideration of the following combination of factors "amply support[ed]" probable cause to arrest for driving under the influence: (1) erratic driving; (2) red and glassy eyes; (3) an odor of alcohol; and (4) an admission of consuming alcoholic beverages. Id. This court has determined that the same blend of four factors supported probable cause, in State v. Heard (Aug. 15, 2001), 9th Dist. No. 20445.
 {¶ 14} The very same four-factor combination underlies Officer Baur's arrest of Smith. Based upon Officer Baur's credible testimony, the trial court found that Officer Baur's investigation of the accident showed that Smith caused the collision by running a red light (i.e., that Smith drove erratically); that Officer Baur observed that Smith had bloodshot eyes and smelled of alcohol; and that Smith told Officer Baur that he had consumed alcohol prior to the accident.
 {¶ 15} As the trial court's findings reflect, the totality of the circumstances surrounding Smith's arrest consists of more than just the above-discussed four factors. We disagree with the trial court's determination that these remaining circumstances, considered in conjunction with the erratic driving, bloodshot eyes, odor of alcohol, and admission of drinking alcohol, indicate a lack of probable cause.
 {¶ 16} First, the trial court noted that no field sobriety tests were completed. As discussed above, the Ohio Supreme Court has made it clear that the results of field sobriety tests are not necessary components of probable cause to arrest for driving under the influence. See Homan, 89 Ohio St.3d at 427. Next, the trial court pointed out the absence of "abnormal speech." While slurred speech is one of the classic indicia of intoxication, it is not a prerequisite to a reasonable judgment that a person is under the influence. Similarly, the trial court's finding that Smith did not respond to Officer Baur's requests "in a quick fashion" neither supports nor detracts from an estimation that Smith was intoxicated. Lastly, the finding that Smith was able to stand without balance problems for only portions of his encounter with Officer Baur tends to bolster, rather than cast doubt upon, a conclusion that Smith was intoxicated.
 {¶ 17} The trial court also noted that Officer Baur failed to state, on the record, his reasons for the arrest and his opinion that Smith was impaired. However, the record is replete with Officer Baur's detailed descriptions of the information he gathered prior to initiating the arrest. These descriptions clearly illuminate the knowledge that Officer Baur relied upon when arresting Smith for driving under the influence. In light of this clarity, the absence of an explicit statement delineating Officer Baur's reasons for arresting Smith and expressing his impression that Smith was impaired is immaterial.
 {¶ 18} Finally, the trial court reasoned that Smith's actions following the accident and his responses to Officer Baur could be attributed to the accident, Smith's age, and his prior medical conditions. However, the actual cause of the suspect's actions or physical condition "is only relevant to a defense of the charge," and is more properly left for determination by the trier of fact at trial. Ohiov. Hummel, 11th Dist. No. 2002-P-0060, 2003-Ohio-4602, at ¶ 35.
 {¶ 19} After reviewing the totality of the facts and circumstances surrounding Smith's arrest, we conclude that the evidence presented at the suppression hearing of erratic driving, bloodshot eyes, an odor of alcohol, and an admission of drinking alcoholic beverages was sufficient to establish probable cause to arrest Smith for driving under the influence of alcohol. Accordingly, the trial court erred in suppressing all evidence following that arrest.
 III. {¶ 20} The Appellant's assignment of error is sustained. We reverse the decision of the Akron Municipal Court, which granted Appellee's motion to suppress. The cause is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
Whitmore, J., and Batchelder, J. Concur.